IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES**                                                            **PLAINTIFF/RESPONDENT**

V.                         No.  5:07-cr-50069-JLH
                           No. 5:09-cv-05108-JLH

**JESUS MARTIN GALAVIZ**                                               **DEFENDANT/PETITIONER**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (Doc. 26) filed May 18, 2009.  The United States of America filed a Response (Doc. 29 ) on July 6, 2009.  The Petitioner has not filed a Reply and the matter is ready for Report and Recommendation.

### I.  Background

On September 26, 2007, Petitioner was indicted for one count of being an illegal alien found in the United States after having been previously removed or deported following an aggravated felony conviction, in violation of 8 U.S.C. §1326(a) and (b)(2). (Doc. 6) On September 20, 2007, Mr. Galaviz appeared before this Honorable Court, and Federal Public Defender Jack Schisler was appointed to represent him. (Doc. 3) On November 17, 2007, Mr. Galaviz appeared before Chief U.S. District Judge Jimm Larry Hendren in Fayetteville, Arkansas, and entered a negotiated plea of guilty, memorialized by a written plea agreement. (Doc.17 & 18) On February 22, 2008, Galaviz again appeared before Chief Judge Hendren, and following a sentencing hearing, the Petitioner was sentenced to eighty-four (84) months in the Bureau of Prisons, followed by three (3) years supervised release, $1,000.00 fine, and $100.00 special assessment and judgment was entered. (Docket Entry #20)

On April 17, 2009, Jesus Galaviz filed a Notice of Appeal with the Eighth Circuit Court of Appeals, which included a request to accept a belated appeal due to trial attorney error. (Doc. 22) On June 5, 2009, the U.S. Court of Appeals for the Eighth Circuit remanded the matter to the District Court Clerk, with instructions to construe the Petition as a habeas petition under Federal Rule of Appellate Procedure 22(a), and to docket the petition as of May 18, 2009. (Doc. 25)

Relevant provisions in the Plea Agreement set forth that Galaviz acknowledged and understood that he faced a 20 year maximum term of imprisonment with respect to the charged conduct. The Plea Agreement also set forth that the Guidelines would be considered but would not be binding, that the United States would not object to a finding that awarded a reduction for acceptance of responsibility, and that relevant conduct could be considered at sentencing. The government also agreed to waive any specific sentencing recommendation. The Court accepted the Plea Agreement and sentenced following a hearing in which there were no objections to the Pre-Sentence Investigation Report. The Pre-Sentence Report recommended a guideline range of 77 months to 96 months imprisonment. The PSR also recommended that Galaviz receive three points for Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1, which were awarded to Galaviz by the District Court. Galaviz did not file a direct appeal of his conviction and/or sentence until April 27, 2009, over a year beyond his conviction date.

The Defendant filed the current petition on May 18, 2009 and contends that he received ineffective assistance of counsel because his attorney did not appeal. (Doc. 26, p. 3)

## II. Discussion

**Timeliness of Petition:**

A one-year period of limitation applies to motions under 28 U.S.C. § 2255. This period

runs from the latest of: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

In the matter at hand, Galaviz filed his notice of appeal on April 27, 2009, more than one year past the final conviction date of March 4, 2008. The notice of appeal was construed by the 8th Circuit Court of Appeals as a habeas petition under Federal Rule of Appellate Procedure 22(a) with instructions to docket the petition as of May 18, 2009. (Doc. 25)

There is no question that the petition was not timely filed.  A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources). In addition  "[i]neffective assistance of counsel generally does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir.2002).  The Petitioner has not asserted any

such grounds as the basis for his failure to properly file the petition and the petition is not timely.

**Ineffective Assistance of Counsel:**

The Petitioner contends that he received ineffective assistance of counsel because his attorney did not appeal his judgment of conviction and contends that he failed to properly challenge his prior convictions and failed to obtain a reasonable plea. (Doc. 26, p. 7)  The Petitioner cites Penson v. Ohio in support of his argument but the court does not find this case persuasive.  Penson v. Ohio held that the motion for leave to withdraw "should have been denied because counsel's "Certification of Meritless Appeal" failed to draw attention to "anything in the record that might arguably support the appeal." See *Penson v. Ohio,* 488 U.S. 75, 81, 109 S.Ct. 346, 350 (U.S.Ohio,1988) In the Penson case it was clear that the Petitioner had requested his attorney to appeal the decision.  In the present case it is clear that the Petitioner executed a Notice of Non-Appeal (Doc. 29-1) in which he directed his attorney not to pursue an appeal.  This document was in English and Spanish and signed by the Petitioner on February 27, 2008 just five days after judgment was entered. (Doc. 20)

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to section 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). To establish a claim of ineffective assistance of counsel, Petitioner must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v.*

*Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense) Also, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997)

The "deficient performance" prong of the two-part Strickland test requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting Strickland, 466 U.S. at 687) That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted) There are two substantial impediments to making such a showing, however. First, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (quoting Strickland, 466 U.S. at 689, 104 S.Ct. 2052); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005)("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

If an attorney has consulted with his client about an appeal, he will not be found ineffective unless he fails to follow "express instructions with respect to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to § 2255 relief. *Barger v. United States*, 204 F.3d 1180, 1181 (8th Cir. 2000) Where the defendant expressly requests that his counsel file an appeal and counsel fails to do so, thereby depriving the defendant of his right to appeal, courts have not required a showing of prejudice or of likely success on appeal. See *Hollis v. United States*, 687 F.2d 257, 259 (8th Cir.1982); *U.S. v. Saucillo* 2007 WL 522228, 3 (N.D.Iowa) (N.D.Iowa,2007)

For a claim of failure to file an appeal to succeed, however, the petitioner must show that he instructed his counsel to file an appeal. A bare assertion by the petitioner that he made such a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition. *Barger v. United States, Id.* Moreover, "ineffective assistance of counsel cannot be presumed from the failure to advise that an appeal be taken ..." *United States v. Neff*, 525 F.2d 361, 364 (8th Cir. 1975).

**Evidentiary Hearing:**

Finally, Petitioner does not state grounds sufficient to require an evidentiary hearing. An evidentiary hearing on a § 2255 motion must be granted unless the motion, files and records of the case establish conclusively that the petitioner is not entitled to relief. *Kingsberry v.United States*, 202 F.3d 1030, 1032 (8th Cir. 2000) A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact. *Delgado v. United*

*States*, 162 F.3d 981, 983 (8th Cir.1998)

Where the record indicates that defense counsel did consult with the client about the right to file an appeal, (Doc. 29, Exhibit 1) and there is an absence of any evidence in the record to counter defense counsel's testimony that he never received express instructions from the client about an appeal, the client cannot make out an ineffective assistance claim, and cannot show that the district court is required to hold an evidentiary hearing. *United States v. Arvizu*, 270 F.3d 605, 606 (8th Cir. 2001)

The court finds that the record of the case does establish conclusively that the Petitioner is not entitled to an Evidentiary Hearing.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. Section 2255 be dismissed with prejudice.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED August 17,  2009.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE