```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

**UNITED STATES OF AMERICA**                                    PLAINTIFF/RESPONDENT

      v.          Criminal No. 07-50069
               Civil No. 09-5108

**JESUS MARTIN GALAVIZ**                                         DEFENDANT/MOVANT

### O R D E R

NOW on this the 4th day of June 2010, comes on for consideration the **Magistrate Judge's Report and Recommendation** (document #43), filed on January 11, 2010, and Petitioner's objections thereto (documents #44 and #45).  The Court, being well and sufficiently advised, finds and orders as follows with respect to the same:

    1.  On February 22, 2008, this Court entered judgment against Defendant and sentenced him to a term of 84 months imprisonment with 3 years supervised release and a fine and special assessment.

    2.  On April 27, 2009, Defendant filed a Notice of Appeal and a Petition for Rehearing, which included a request to accept his belated appeal due to alleged ineffective assistance of counsel. The Eighth Circuit dismissed the appeal as untimely and directed that the petition be considered as a habeas petition and the matter was transferred to the Magistrate Judge.

3.	On August 17, 2009, the Magistrate Judge issued his Report and Recommendation, in which he found that the record indicated that defense counsel did consult with Defendant about his right to file an appeal. Therefore, the Magistrate Judge recommended that the petition be dismissed because there was no evidence in the record to indicate that the defense counsel had failed to consult with his client regarding his right to appeal. This Court adopted the Magistrate's Report and Recommendation *in toto* and dismissed Defendant's petition with prejudice. (document #31).

4.	On December 7, 2009, Defendant filed a Notice of Appeal of the Court's Order adopting the Magistrate Judge's Report and Recommendation, along with a Motion for Certificate of Appealability (document #39) and a Motion for Leave to Appeal In Forma Pauperis (document #40). These motions were referred to the Magistrate Judge for consideration.

5.	On January 11, 2010, the Magistrate Judge issued her Report and Recommendation in which she found that the Defendant had not identified any issues that would satisfy the "substantial showing" requirement under 28 U.S.C. § 2253(c)(2) for a certificate of appealability to issue and, therefore, recommended that Defendant's motions be denied. (document #43).

6.	On January 25, 2010, Defendant filed a "Notice of Appeal" to this Court of the Magistrate Judge's Report and Recommendation

(document #44).  On February 1, 2010, the Defendant filed his "Written Objections to the Report and Recommendation Pursuant to 28 U.S.C. 636(b)(1)." (document #45).

7.  In his objections, Defendant does not address the underlying issue regarding his claim that he allegedly had ineffective assistance of counsel that caused him to fail to file a timely appeal.  Thus, the Court finds that, for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Defendant has not identified any issues satisfying the "substantial showing" requirement of 28 U.S.C. §2253 to warrant the issuance of a certificate of appealability.

8.  Defendant asserts in his written objections that this Court erred in determining his sentence by considering his prior conviction for driving while intoxicated as a "crime against a person" and enhanced his sentence under 8 U.S.C. §1326(b)(1). Defendant requests the Court to vacate his sentence and re-sentence him within a 1 year term of supervised release.

9.  A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment.  Under Rule 35(a), a district court may correct or reduce a sentence "[w]ithin 14 days after sentencing" if the error resulted from "arithmetical, technical, or other clear error." Fed. R. Crim. Proc. 35(a). Defendant's request for a reduction in his sentence based on an alleged error was made more than 14 days after his sentence was

imposed and, therefore, the Court does not have the authority to modify his sentence, even if there was a basis to do so.

**IT IS THEREFORE ORDERED** that, for the reasons set forth therein, the **Report and Recommendation of the Magistrate Judge (document #43)** is **adopted** *in toto* and **Defendant's Motion for Certificate of Appealability (document #39)** and **Motion for Leave to Appeal In Forma Pauperis (document #40)** are hereby **denied**.

**IT IS SO ORDERED.**

**/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**